UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 08-10280-RGS

UNITED STATES OF AMERICA

v.

ANTHONY M. BOTELHO

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO SUPPRESS STATEMENTS

April 9, 2009

STEARNS, D.J.

After an evidentiary hearing and argument by counsel, the motion to suppress is ALLOWED. The pertinent facts can be briefly summarized as follows. Defendant Antonio Botelho's car was blocked front and back by police vehicles as he rushed from a home where he had attempted to consummate a purchase of illegal painkilling drugs; he was confronted by agents who announced themselves as "FBI;" he was ordered out of his car and told that he was being detained; he was instructed to place his hands on the roof of his car where he stood under guard for ten minutes while agents secured the home; he was then handcuffed[1] and escorted to an official FBI car[2] and placed in the front passenger seat with the doors closed (although not locked) and the engine running. The interrogating

---

[1] Although the government emphasizes that defendant's hands were cuffed at the front of his waist rather than behind his back, I do not make much of the distinction.

[2] See United States v. Garcia, 866 F.2d 147, 151 (6th Cir. 1989) ("[T]he one occurrence which seems to distinguish 'seizures' from casual contacts between police and citizens is when the defendant is asked to accompany the police or agents to a place which the defendant had not planned to go.").

agent sat in the driver's seat while another agent sat behind Botelho in the rear seat. Botelho was then falsely told that he was being asked to provide incriminating evidence against the putative drug seller (in fact a cooperating witness who had secretly recorded her dealings with Botelho at the direction of the FBI). The interview in the car lasted nearly an hour. No advice of Botelho's constitutional rights under Miranda v. Arizona, 384 U.S. 436 (1966), was given. Cf. Withrow v. Williams, 507 U.S. 680, 691-692 (1993). Although Botelho was told that he was free to terminate the interview and leave, no reasonable person, under the circumstances, would have thought that a realistic option.[3] See United States v. Jerez, 108 F.3d 684, 692 (7th Cir. 1997). Because I conclude that custody attached at the time Botelho was handcuffed and escorted to the FBI agents' car, the failure to advise Botelho of his Miranda rights before beginning the interrogation requires the suppression of his incriminating statements.[4] New York v. Quarles, 467 U.S. 649, 654 (1984). The Clerk will assign the case the next available trial date.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE

---

[3] Although Botelho was at the time a corrections officer, he testified that he had had no training in the law of arrest nor did he make arrests as part of his official duties. The government does not suggest otherwise.

[4] Botelho does not argue that his statements were involuntary in any constitutional sense and could not therefore be used to impeach his testimony at trial. See Harris v. New York, 401 U.S. 222, 224-226 (1971).